THE STATE, THE POINT BREEZE FERRY AND IMPROVE-
MENT COMPANY, PROSECUTOR, v. THE BERGEN NECK
RAILWAY COMPANY.

1. The commencement of a railroad, within the meaning of the General
   Railroad law (*Rev.*, p. 934, ₹ 34), is the actual commencement of the
   work of constructing the road.
2. The work on the road of the defendant company was commenced in
   December, 1885, and the time for completing it expired in December,
   1887, bringing the case within the act of 1887 (*Pamph. L.*, p. 65), by
   force of which the time for completion was extended to December,
   1889. The time was again extended for two years by the act of 1889.
   *Pamph. L.*, p. 135.
3. The fact that the act of 1889 applies only to railroads organized under
   the General Railroad law does not specialize it. Railroads organized
   under the general law are a class by themselves, and therefore the law
   is a general law.

On *certiorari*.

Argued at June Term, 1890, before Justices DEPUE, VAN
SYCKEL and SCUDDER.

For the prosecutor, *Frederic W. Stevens*.

For the defendant, *Charles D. Thompson* and *Gilbert Collins*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case brings up the
petition of the defendant company for the appointment of
commissioners to examine and appraise certain lands of the
prosecutor, and to assess the damages to be paid for it.   The
relator insists that, on the face of the petition, there appears to
be a want of power in the defendant to take the land by con-
demnation.

The defendant company was organized under the General
Railroad law July 20th, 1885.   In December, 1885, it actually
commenced the construction of its road, but did not complete
it within two years from its commencement, as required by
statute.   *Rev.*, p. 934, § 34.

On the 29th of March, 1887, an act was passed entitled "An act to extend the time for the completing certain railroads incorporated under an act entitled 'An act to authorize the formation of railroad corporations and regulate the same,'" approved April 2d, 1873.

This act provides that whenever the time limited for the completion of any railroad authorized to be constructed under the act referred to in the title of this act shall expire during the year 1887, such time shall be and the same is hereby extended for a further period of two years, provided such company shall file an agreement waiving any right of exemption from taxation. *Pamph. L.* 1887, *p.* 65.

On the 26th of April, 1887, the requisite agreement was duly filed. Nothing was done during the added time.

On the 1st of April, 1889, a further act was passed, with like title, providing that whenever the time limited for the completion of any railroad authorized to be constructed under the act referred to in the title of this act has expired during the year 1888, or shall expire during the year 1889, such time shall be and the same is hereby extended for a further period of two years, provided a waiver of exemption from taxation shall be filed. Waiver was again duly filed. *Pamph. L.* 1889, *p.* 135.

The road was organized July 20th, 1885, and the company was required by the General Railroad law to commence the construction of it within six months from that date, and to complete it within two years from the date of commencement.

The relator argues that the date of commencement means the last day of the six months during which it must be commenced. This construction would interpolate in the law language which the draftsman has not used. The point of time is fixed by an act to be performed by the defendant company, and that act is the commencement of the work of constructing the road. That work it is admitted, for the purposes of this case, was done in December, 1885.

The time for completing the road expired, therefore, in December, 1887, bringing the case within the operation of the

act of 1887, by force of which the time was extended to December, 1889.

The act of April 1st, 1889, applies where the time limited should expire during the year 1889. If, therefore, the defendant can invoke the aid of this act, the time for completion was extended thereby before the time limited under the act of 1887 had run, and thus the forfeiture had not attached, and its franchises were intact.

The prosecutor here insists, that the act of 1889 applies only to cases where the time limited by the General Railroad law for completion shall expire in 1889, thus excluding the defendant from its benefit. To this interpretation I cannot agree. The language of the act is not " when the time limited by the General Railroad law for completion shall expire in 1889," but " when the time limited for the completion of any railroad authorized to be constructed under the general law shall expire during the year 1889."

The defendant railroad was authorized to be constructed under the General Railroad law. The time limited for its completion was fixed by the act of 1887, and that time was December, 1889.

The defendant therefore is clearly within the act of 1889, and there has been no point of time since its organization when its right to exercise its franchises has lapsed. The time of limitation now applicable to it is December, 1891.

The second objection to the certified proceedings is the radical one, that the act of 1889 is private or special, and therefore unconstitutional.

The position taken is, that it does not relate to the whole class of railroads existing in the state, or even to the whole class existing under the General Railroad law of 1873, but only to such railroads organized under the general law as happen to be so circumstanced that the time for their completion expired during 1888, or during that part of the year 1889 between April 1st, 1889 (the date of the act), and January 1st, 1890.

The omission to include in this act railroads with special charters does not specialize it. Those charters presumably were granted after due consideration by the legislature of the time which would be necessary in each particular case for the completion of the work, while under the general law that question could be considered only in a general way.

I think therefore the legislature in its discretion might refuse to extend this enactment to special charters, regarding them as a class by themselves. It seems clear that it would be competent for the legislature to provide, by an amendment to the General Railroad law, that roads organized under it should have a further limit of time after the expiration of the term specified in section 34. Whether it is general or special legislation cannot depend upon the form in which such extension is granted to all such roads exclusively. It appears to be immaterial whether it is effected by a supplement to the general law or by an independent act.

As to the roads organized under the general law, if we should admit that a classification is not good which omits roads whose limit of time was between January 1st, 1889, and April 1st, 1889, the relator cannot successfully assail the defendant's position, because it does not appear that the time of any railroad organized under the general law expired during that period. *Non apparet non est.* Presumption must be made to support, not to overthrow, the act of the lawmaker. In my opinion, therefore, the order and proceedings under review should be affirmed, and the writ of *certiorari* dismissed, with costs.